CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

July 07, 2026

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

MOUNTAIN VALLEY PIPELINE, LLC,    )
                                  )
        Plaintiff,                )
                                  )
                                  )
v.                                )    Case No. 4:21-cv-00002-EKD
                                  )
                                  )
EASEMENTS TO CONSTRUCT, OPERATE,  )    By: Elizabeth K. Dillon
AND MAINTAIN A NATURAL GAS        )        Chief United States District Judge
PIPELINE OVER TRACTS OF LAND IN   )
PITTSYLVANIA COUNTY, VIRGINIA,    )
*et al.*,                         )
                                  )
        Defendants.               )

**MEMORANDUM OPINION**

Plaintiff Mountain Valley Pipeline ("MVP") is constructing an interstate natural gas pipeline. On June 18, 2020, the Federal Energy Regulatory commission ("FERC") issued an Order granting a Certificate of Public Convenience and Necessity to MVP to construct the Southgate Pipeline (the "Pipeline"). Thereafter, MVP commenced this condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire permanent and temporary easements on numerous properties. One of the defendant properties is 1.96 Acres of Land, Owned by Richard L. Rust and Lori R. Rust, Pittsylvania County Tax Map Parcel No. 1480-62-7374, and designated as MVP Parcel No. VA-PI100.000 (the "Property").[1]

---

[1] In December 2025, FERC issued an amended certificate to MVP, which made some changes to the Pipeline. The amended route did not change the acreage or the location of the Easements on the Rust property, however. (*See* Dkt. No. 2, ¶ 78 & Ex. 71; Dkt. No. 93, ¶ 79 & Ex. 70.) The amendment did increase the *diameter* of the pipeline on the Property, but the court does not believe that is a new claim that requires service anew on a defaulting party like the Rusts, *see* Fed. R. Civ. P. 5(a)(2).

MVP now moves for summary judgment as to its entitlement to the easements and on the amount of just compensation against the Rusts.  (Dkt. No. 99.)  For the same basic reasons set forth in MVP's supporting memorandum (Dkt. No. 100), summarized herein, the court concludes that MVP is entitled to summary judgment.  Thus, the motion for summary judgment will be granted, the court will set an amount for just compensation for the easements on the Rust property, and the court will vest title to the easements in MVP via a separate order.

## I.  BACKGROUND

MVP seeks to acquire the following rights and easements (the "Easements") over the Property:

| | |
|---|---|
| (a)  Temporary Workspace | 1.24 acres |
| (b)  Additional Temporary Workspace | 0.59 acres |
| (c)  Possible Temporary Workspace | 0.01 acres |
| (d)  Permanent Easement | 0.12 acres |
| Total Acres, More of Less | 1.96 acres |

(Dkt. No. 2, ¶ 78 & Ex. 71; Dkt. No. 93, ¶ 79 & Ex. 70.)

The Rusts were served with the original Notice of Condemnation and Complaint on January 22, 2021.  (Dkt. Nos. 6-11, 6-12.)  They have not filed an answer, and the time for doing so has passed.  They have not appeared in this case.  They also were notified of the filing of the motion for summary judgment and their opportunity to respond (Dkt. No. 102), but they have not filed any response to the motion.

MVP's appraiser, Jared L. Schweitzer, appraised the Property in December 2025, and MVP has provided his full appraisal.[2]  (Appraisal, Dkt. No. 100-1.)  That appraisal concludes

---

[2]  The Appraisal was dated the day after the Amended FERC Certificate issued, and it utilizes the amended diameter of pipeline.  (Dkt. No. 100-1, at 47.)

2

that the just compensation for the Easements consists of $594 for the permanent easement of 0.12 acres, $5,964 for damages to the remainder of the property resulting from the permanent easement, and $2,733 for the temporary easements.  (*Id.* at 33–38, 45–51.) Schweitzer thus opines that just compensation for all of the Easements totals $9,291.  (*Id.* at 51.)

## II.  DISCUSSION

Parties in condemnation proceedings may move for summary judgment under Rule 56 because Rule 71.1 does not provide otherwise.  *United States v. 8.929 Acres*, 36 F.4th 240, 251–52 (4th Cir. 2022).  Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248–49.

Summary judgment as to MVP's right to condemn is appropriate here because the company holds a FERC certificate and needs to acquire easements for the certificated project that it has been unable to acquire by agreement.  *Mountain Valley Pipeline, LLC v. W. Pocohontas Props.*, 918 F.3d 353, 365 (4th Cir. 2019) (affirming summary judgment granted to MVP on its right to condemn); *Mountain Valley Pipeline, LLC v. Easements to Construct*, No. 7:17-cv-00492, 2018 WL 648376, at *8–12 (W.D. Va. Jan. 31, 2018) (granting MVP summary judgment on its right to condemn easements described in the complaint), *aff'd sub nom. Mountain Valley Pipeline, LLC v. 6.56 Acres*, 915 F.3d 197, 209 (4th Cir. 2019).

Summary judgment is appropriately granted as to just compensation in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *Mountain Valley Pipeline, LLC v. 9.89 Acres of Land (Elizabeth Terry)*, 127 F.4th 437, 444–45 (4th Cir. 2025) (confirming that a court may grant summary judgment on the amount of just compensation if there is no genuine dispute of material fact, such as where the landowner fails to present any evidence on that issue); *MVP v. 1.89 Acres of Land* (*Briarwood*), Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019) (granting motion for summary judgment because without "any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of Briarwood's property").

MVP is entitled to summary judgment as to its right to condemn because it has shown: (1) it holds a FERC certificate; (2) the easements are necessary for the certificated project; and (3) the company has offered to pay the owner at least $3,000 but has been unable to acquire the property by agreement. 15 U.S.C. § 717f(h). (*See also* Mem. Supp. Mot. Summ. J. 7, Dkt. No. 100 (setting forth record citations for each of these requirements).) Furthermore, the Rusts did not answer the complaint and thus have waived all objections and defenses. *See* Fed. R. Civ. P. 71.1(e)(2)–(3).

As for the amount of just compensation, MVP has come forward with an appraisal for the Property, providing evidence of just compensation for the Easements sought. Just as they did not respond to the original complaint, the Rusts have not responded to the motion for summary judgment, and the time for doing so has passed. Thus, the court concludes that there is no genuine issue of material fact as to the just compensation owed to the Rusts, and compensation may be granted in the amounts determined by MVP's appraisers. *See Mountain Valley Pipeline,*

4

*LLC v. 0.47 Acres (Coffey)*, 853 F. App'x 812, 816 (4th Cir. 2021) (affirming summary judgment to MVP on amount of just compensation where landowner proffered no admissible evidence on the amount of just compensation). *See also, e.g.*, *Dominion Energy Transmission, Inc. v. 3.71 Acres*, No. 1:18-cv-26, 2020 WL 127986, at *2 (N.D. W. Va. Jan. 10, 2020) (granting summary judgment and awarding compensation in amount determined by gas company's expert where defendants did not answer or appear); *Atl. Coast Pipeline, LLC v. 1.52 Acres*, No. 3:17-cv-814, 2019 WL 148402, at *3, 6–8 (E.D. Va. Jan. 9, 2019) (awarding compensation in amount determined by ACP's expert where defendants did not answer or appear).

## III.  CONCLUSION

For the reasons stated in this opinion, the court will grant MVP's motion for summary judgment as to its entitlement to the Easements and will set the just compensation as to the Property in the total amount of $9,291.  The court also will order MVP to make payment of that amount to the Rusts and will vest title to the Easements in MVP.  An appropriate order will be entered.

The clerk is DIRECTED to provide a copy of this memorandum opinion and the accompanying order to all counsel of record via CM/ECF and to mail a copy to the Rusts at their last-known address, 5498 Whitmell School Road, Dry Fork, Virginia 24549.

Entered: July 2, 2026.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge