IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

July 14, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Nik Sams
DEPUTY CLERK

MOUNTAIN VALLEY PIPELINE, LLC,          )
                                         )
           Plaintiff,                    )
                                         )
                                         )
v.                                       )   Case No. 4:21-cv-00002-EKD
                                         )
                                         )
EASEMENTS TO CONSTRUCT, OPERATE,         )   By: Elizabeth K. Dillon
AND MAINTAIN A NATURAL GAS               )       Chief United States District Judge
PIPELINE OVER TRACTS OF LAND IN          )
PITTSYLVANIA COUNTY, VIRGINIA,           )
*et al.*,                                )
                                         )
           Defendants.                   )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline ("MVP") is constructing an interstate natural gas pipeline.  Currently pending before the court is MVP's motion for partial summary judgment and immediate possession as to three remaining parcels named as defendants in its condemnation complaint.[1]  (Dkt. No. 124.)  Counsel for the landowners of those three parcels has told the court that defendants do not oppose MVP's motion.  Indeed, the parties have confirmed that they have been working toward a resolution of all issues, including the final amount of just compensation MVP will pay for each property.  Nonetheless, because MVP insists that it needs immediate possession of those parcels not later than July 18, 2026, in order to continue work on its pipeline, the court will not await a final settlement before ruling on MVP's motion.

---

[1] The motion refers to four parcels, but the court has granted MVP's prior motion for summary judgment as to one of them since the motion was filed.  Thus, the motion for partial summary judgment will be denied in part as moot as to that parcel.

As explained below, the motion for partial summary judgment and MVP's request for immediate possession as to those three parcels will be granted.

## I.    BACKGROUND

On June 18, 2020, the Federal Energy Regulatory commission ("FERC") issued an Order granting a Certificate of Public Convenience and Necessity to MVP to construct the Southgate Pipeline (the "Pipeline").  Thereafter, MVP commenced this condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire permanent and temporary easements on numerous properties.  The properties included the three at issue here, described in more detail below.  MVP subsequently obtained easements on those properties.

In December 2025, FERC issued an amended certificate to MVP, which made some changes to the Pipeline.  To account for the changes in the amended certificate, MVP filed an amended complaint.  (Dkt. No. 93.)  The amended complaint included additional easements on all three Properties.  Specifically, it sought additional easements and property interests on:

A. MVP Parcel No. VA-PI-140.000, owned by Stony Mill Development 2, LLC, described in paragraph 102 of the Amended Complaint and shown on Exhibit 93 to the Amended Complaint ("the Stony Mill 2 Property");

B. MVP Parcel No. VA-PI-144.000, owned by Stony Mill Development 3, LLC, described in paragraph 104 of the Amended Complaint and shown on Exhibit 95 to the Amended Complaint ("the Stony Mill 3 Property"); and

C. MVP Parcel No. VA-PI-179.000, owned by Melissa Sims Hairston, described in paragraph 125 of the Amended Complaint and shown on Exhibit 116 to the Amended Complaint ("the Hairston Property").

MVP now moves for partial summary judgment as to its right to condemn the property rights and easements (the "Easements") listed in its amended complaint as to each property.  Its motion also asks for immediate possession of those easements and property interests upon its deposit of a specific sum as to each property.  (Dkt. No. 124.)  Defendants did not file a timely response to the motion, and their counsel has advised that they do not oppose it.

## II.  DISCUSSION

Parties in condemnation proceedings may move for summary judgment under Rule 56 because Rule 71.1 does not provide otherwise.  *United States v. 8.929 Acres*, 36 F.4th 240, 251– 52 (4th Cir. 2022).  Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248–49.

In order to show that it is entitled to summary judgment as to its right to condemn, MVP must show: (1) it holds a FERC certificate; (2) the easements are necessary for the certificated project; and (3) the company has offered to pay the owner at least $3,000 but has been unable to acquire the property by agreement.  15 U.S.C. § 717f(h).  MVP has made this showing, and the defendant properties do not dispute it.  *See Mountain Valley Pipeline, LLC v. W. Pocohontas Props.*, 918 F.3d 353, 365 (4th Cir. 2019) (affirming summary judgment granted to MVP on its right to condemn); *Mountain Valley Pipeline, LLC v. Easements to Construct*, No. 7:17-cv-

3

00492, 2018 WL 648376, at *8–12 (W.D. Va. Jan. 31, 2018) (granting MVP summary judgment on its right to condemn easements described in the complaint), *aff'd sub nom.*, *Mountain Valley Pipeline, LLC v. 6.56 Acres*, 915 F.3d 197, 209 (4th Cir. 2019).

As described in the declaration of Jeffrey Klinefelter, MVP has made written offers of more than $3,000 to acquire the necessary easements on the three properties, but thus far MVP has been unable to acquire those interests by agreement. (Klinefelter Decl. ¶¶ 11, 13–16, Dkt. No. 125-1.) All the Easements sought are within the route approved by FERC and are necessary to construct, operate, and maintain the Project as certified and amended by FERC. (*Id.* ¶ 17.) Thus, the court will grant MVP's motion for summary judgment as to its right to condemn the subject properties.

Regarding MVP's request for immediate possession, the court concludes that MVP is entitled to immediate possession not later than July 18, 2026. MVP's supporting memorandum discusses each of the required elements for preliminary injunctive relief and explains how it satisfies each. (MVP Mem. Support Mot. Partial Summ. J. 19–24, Dkt. No. 125.) The court agrees with that analysis and, in any event, defendants have conceded that MVP is entitled to immediate possession of the Easements.

The court also agrees with MVP that it is appropriate to require a deposit as to each property of five times the appraisal amount determined by MVP's appraiser, which the Clerk will hold in an interest-bearing account pending further order from the court. This deposit will protect the defendant landowners and should be sufficient to allow for a final award of just compensation, once that amount is determined at trial or otherwise.

MVP has obtained appraisals for each of the remaining parcels for the purpose of determining security for immediate possession. (*Id.* ¶ 37 & Appraisals, Dkt. Nos. 125-3, 125-4,

and 125-5.)  MVP states that it is prepared to post a cash deposit of five times the appraisals' estimates of just compensation.[2]

Based on the appraisals provided, that calculation results in the following amounts for deposits to obtain immediate possession:

| Property | Appraisal Amount | Deposit Required (five times the appraisal amount or, if lower than $3,000, five times $3,000) |
|---|---|---|
| The Stony Mill 2 Property | $1,783 | $15,000 |
| The Stony Mill 3 Property | $3,921 | $19,605 |
| The Hairston Property | $3,719 | $18,595 |

### III.  CONCLUSION AND ORDER

For the reasons stated in this opinion, it is hereby ORDERED as follows:

1.  MVP's motion for partial summary judgment is DENIED IN PART as moot and GRANTED IN PART.  It is DENIED IN PART as moot, solely as to the property owned by Richard L. Rust and Lori R. Rust (MVP Parcel No. VA-PI-100.000) because the court previously granted summary judgment to MVP as to that property. (Dkt. Nos. 128, 129.)  The motion is GRANTED, without objection, as to the Stony Hill 2, Stony Hill 3, and Hairston Properties (MVP Parcel Nos. VA-PI-140.000, VA-PI-144.000, and VA-PI-179.000, respectively), and the court determines that MVP has the right to condemn the portions of those properties listed in the amended complaint.

---

[2]  The court accepts the appraisal amounts for purposes of determining the amount of the required security deposits.  But neither MVP nor the parties are prevented from arguing for different amounts of just compensation at the appropriate time.

2. The court also will grant, by separate order, immediate possession to MVP on each of the three properties, pending MVP's deposit of the required amounts set forth above. Separate appropriate orders will be entered to allow immediate possession.

The clerk is DIRECTED to provide a copy of this memorandum opinion and order and the three separate accompanying orders to all counsel of record via CM/ECF.

Entered: July 14, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge